SHIVERS, Judge.
The former wife appeals the denial of her petition for modification to convert rehabilitative alimony to permanent alimony.
On April 22, 1980, the trial court entered a final judgment of dissolution awarding the wife lump sum and rehabilitative alimony. The express language of paragraph 7 of the final judgment states “... The awards of lump sum alimony to the respondent (wife) are in lieu of and preclude any periodic permanent alimony to the respondent ...” No appeal was taken by either party at that time. On October 1,1984, the wife filed a petition to convert rehabilitative alimony to permanent alimony alleging she had been unable to achieve rehabilitation through no fault of her own. The husband responded with a motion to dismiss alleging that paragraph 7 of the final judgment precludes any periodic permanent alimony to respondent. On June 5, 1985, the lower court entered an order on the petition for modification stating as a matter of law that the language of paragraph 7 of the final judgment precludes the court from modifying the final judgment; *638 whereupon the court denied the wife’s motion for modification. The wife appeals.
The trial court granted lump sum alimony in lieu of and precluding any award of periodic permanent alimony. Lump sum alimony is not modifiable. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). If this court should now allow an award of permanent alimony contrary to the clear language of the final judgment, we should review the award of lump sum alimony made to the wife which review is prohibited.
We affirm the denial of the former wife’s petition for modification based on the specific language of the final judgment but without prejudice to her to apply for an extension of rehabilitative alimony.
THOMPSON and WIGGINTON, JJ., concur.